Yewande Masi
200 HIGHLAND ST APT 1,
ROXBURY, MA 02119-1444

FILED
IN CL...
17 JAN 23 ...11 ??
U.S. ...
DIST... ...

# UNITED STATES DISTRICT COURT
# OF MASSACHUSETTS

| | |
|---|---|
| YEWANDE MASI | |
| PLAINTIFF | |
| -against- | VERIFIED CLAIM FOR DAMAGES |
| | TRIAL BY JURY DEMANDED |
| CAPITAL ONE BANK USA NA | |
| DEFENDANT | |

COMES NOW, the Plaintiff(s) Yewande Masi complaining of the Defendant as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 U.S.C. §1681

### PARTIES

2. Plaintiff Yewande Masi is now and at all times relevant to this action an American National. Plaintiff is a "consumers" as that term is defined within 15 U.S.C.§1692a(3). Plaintiff principal dwelling is located at 200 HIGHLAND ST APT 1, ROXBURY, MA 02119-1444

3. .Defendant "Capital One Bank N.A. a national banking association. It has its principal place of business at 1680 Capital One Drive, McLean, VA 22102. Defendant is a furnisher as defined in 15 USC 1681.

### JURISDICTION & VENUE

4. The US District Court Of Massachusetts has jurisdiction Pursuant to 15 U.S.C. §1681p et, al,. claims. Venue is proper as the occurrences which give rise to this action took place in the state of Massachusetts; therefore venue is proper in the US District Court Of Massachusetts is proper.

## VERIFIED FACTS

5. On or about 8/22/2016 Plaintiff obtained a copy of her consumer credit report(s) from Transunion, Equifax and Experian. See Exhibit 1.

6. Within plaintiffs consumer credit reports plaintiff noticed defendant may be reporting unverifiable and inaccurate information concerning three trade line accounts furnished to the credit bureaus by defendant.

7. Out of concern that the accuracy and integrity of the the information reported in plaintiff's credit file was plaintiff initiated three separate direct dispute(s) concerning the three different account Pursuant to 15 U.S.C 1681s2a(8)(D) & 12 CFR 1022.41(B). See Exhibit 2.

8. Plaintiff mailed the direct disputes on 10/6/2016 & and defendant received a copy of all three disputes concerning the three accounts on 10/11/2016.

9. On or about 10/18/2016 & 10/16/2016 plaintiff received a response from defendant concerning the direct dispute for all the alleged accounts.

10. However defendant response failed to address the substance of plaintiffs direct dispute. Moreover failed to verify the foundational elements to report a tradeline to a consumer's credit file deeming the information furnished unverifiable.

11. As as result plaintiff initiated a dispute with all three credit bureaus concerning the tradeline(s) in question . See exhibit 3.

12. Experian Received a copy of my dispute on or about 10/24/2016, Transunion on 10/21/2016 and Equifax on 10/21/2016.

13. Upon receipt of my dispute(s) each of the three credit bureaus forwarded my dispute(s) to Defendant to conduct a reasonable investigation.

14. Transunion finalized their investigation on 11/7/2016, Experian on 10/31/2016 and Equifax on 10/27/2016. All three credit bureaus indication the the accounts have been verified.

## FIRST CAUSE OF ACTION

## VIOLATION OF 15 U.S.C.§1681i & 15 U.S.C§1681s2b , FAIR CREDIT REPORTING ACT

15. Paragraphs 1-14 are re-alleged as though fully set out herein.

16. Plaintiff is "consumers" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

17. Defendant are "credit furnishers" within the meaning of the 15 U.S.C. §1681a(c). 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15USC§1681s-2(a)(1)-(3). Plaintiffs consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a (d).

18. The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

    (1) to conduct "an investigation" with respect to the disputed information;

    (2) to "review all relevant information" provided by the credit reporting agency;

    (3) to "report the results of its investigation" back to the credit reporting agency;

    (4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

    (5) to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. §1681s-2(b)(1).

19. In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a finisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be

followed by a consumer to give rise to a Duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA.

20. Plaintiffs notified Defendant of its dispute by mail, and defendant also received notice from the three major credit reporting agencies Equifax, Experian and Transunion. Defendant failed to delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

21. Plaintiff alleges that at all relevant times Defendant "failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts defendant failed to conduct a proper and lawful reinvestigation.

22. All actions taken by the Defendant were done with malice, were done willfully, and were done with either the desire to harm Plaintiffs and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or that knew or should have known that their actions were in reckless disregard of the FCRA. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

23. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiffs as set forth in this Complaint. The FCRA requires them following of Credit Agencies;

(2) Prompt Notice of Dispute to Furnisher of Information (A) In general. Before the expiration of the 5-business-day period Beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph

(1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller. (B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted

by the consumer in the period described in paragraph (1)(A) with respect to such disputed information. (5) Treatment of Inaccurate or Unverifiable Information (A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall—

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

24. Plaintiff has been significantly harmed by defendant and due to erroneous reporting of the alleged debt. Plaintiffs has suffered intangible & tangible damages that led to multiple denials of credit, some of those denials of credit were from, Auto Sales Loans, and American Express. The multiple denials of credit were a direct reflection of defendant's erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiff's credit based on a deteriorated credit score and credit worthiness. Defendant negligent and noncompliant acts may have been a direct violation of 15 USC§1681n) and 15 USC§1681(o) respectively.

25. Therefore, Plaintiffs demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $3000.00, attorney fees, and costs pursuant to 15 U.S.C.§1681n), and 15 USC§1681(o),

## DEMAND FOR REMEDY

26. Plaintiff demands that the court grant an order for $3000 for statutory damages pursuant to violation of 15 USC 1681(n)

27. Plaintiff demands that the court $10,000 in actual damages for credit denials & emotional distress, mental anguish, anxiety and loss of sleep.

DATED: 11/28/2016
BY:

RESPECTFULLY SUBMITTED

*[signature]*

Yewande Masi
200 HIGHLAND ST APT 1,
ROXBURY, MA 02119-1444